IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00320-BNB

GEORGE DYE,

    Applicant,

v.

JOEL OLIVER, Warden, USP, Florence,

    Respondent.

ORDER OF DISMISSAL

Applicant, George Dye, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 5, challenging the execution of his sentence. On February 18, 2014, Magistrate Judge Boyd N. Boland entered an order directing Applicant to show cause why the Application should not be denied. In particular, Applicant was directed to show cause why the instant action should not be dismissed as successive because the Application includes only claims that were adjudicated in a prior habeas corpus proceeding. Applicant responded to the show cause order arguing that the action should not be dismissed as successive because he did not have access to the law library and legal assistance when he filed his first habeas action. Also, Applicant claims that he did not receive notice that the habeas action was dismissed, and he was unable to appeal the dismissal.

The Court must construe the Application and Response liberally because

Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

In the February 18, 2014 Order, Magistrate Judge Boland found as follows.

> The Middle District of Pennsylvania found that from August 11, 2005, to November 7, 2006, Applicant was in secondary custody of the federal authorities under a writ of habeas corpus *ad prosequendum* and that under 28 U.S.C. § 3585(b) he was not entitled to receive this credit toward his federal sentence. [*See Dye v. Warden B.A. Bledsoe*, No. 12-cv-00111-SHR-AM, ECF 6 (M.D. Pa. May 10, 2012)]. Applicant did not appeal the denial of the § 2241 petition. Applicant also submitted a Motion for Order for Calculation of Credit for Time Served in his criminal case. *See United States v. Dye*, No. 05-cr-03096-RED-5, ECF No. 822 (W.D. Mo. Nov. 9, 2006). The sentencing court denied Applicant's request for credit of the time from August 11, 2005, to November 7, 2006, for the same reasons the Middle District of Pennsylvania denied Applicant's § 2241 petition. *Id.*
>
> In this action, Applicant again asserts that he is being illegally detained because the BOP refuses to credit the time from August 11, 2005, to November 8, 2006, against his federal sentence. Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies to both successive claims that actually were raised in the prior petition as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). This Court may raise the statutory bar *sua sponte*, but Applicant must be given notice and an opportunity to respond. *See id.* at 1271.

Feb. 18, 2014 Order to Show Cause, ECF No. 7 at 2-3.

Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Furthermore, in addressing the bar of successive writs, grounds may be considered the same even when supported by different legal arguments. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963).

Applicant contends that he did not have access to needed legal materials when he filed his first § 2241 action in the Middle District of Pennsylvania. Because of the denial of his right to access the courts, Applicant argues this action is not a successive application. To state a denial of court access, he must plead and prove he actually was impeded in his ability to conduct a particular case to state a violation of his rights. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when an application prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S.

at 351.  Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file an application.  *Id.*  Neither of the examples set forth in *Casey* are at issue in this case.  Applicant was able to submit an application that sufficiently stated his claims in the Middle District of Pennsylvania.

Applicant also argues he was not able to appeal the denial of the § 2241 application because the BOP failed to forward his mail and the first he learned that the Middle District of Pennsylvania had ruled on the § 2241 action was when he received the February 18, 2014 Order to Show Cause from this Court.  Applicant's arguments are without merit.  First, Applicant was obligated to inform the Middle District of Pennsylvania of any address change.  *See* Standing Practice Order 94-2, United States District Court for the Middle District of Pennsylvania.  The Court also is not aware of any requirement that the BOP is responsible for forwarding Applicant's court mail, and no mail was returned undeliverable to the Middle District of Pennsylvania in Case No. 12-cv-00111-SHR-AM.  Furthermore, it is unreasonable that Applicant did not inquire about the status of Case No. 12-cv-00111-SHR-AM prior to filing this case, which was over two years from the date he filed Case No. 12-cv-00111-SHR-AM.

Finally, the claims Applicant was able to present in his first habeas are the same claims he presents in this action.  The Middle District of Pennsylvania decided the § 2241 action on the merits.  The Court finds no basis for Applicant's claim that this § 2241 action is not successive. The Court, therefore, will dismiss this action as barred pursuant to 28 U.S.C. § 2244(a).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as successive pursuant to 28 U.S.C. § 2244(a).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   26th   day of     March          , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court